D'AGOSTINO, LEVINE, LANDESMAN
 & LEDERMAN, LLP
*Attorneys for Defendants*
EL-AD PROPERTIES NY, LLC, (Improperly
Named in the Complaint as
ELAD PROPERTIES, LLC), EL-AD 52 LLC,
CPS 1 REALTY LP, PLAZA RESIDENTIAL
OWNER LP, PLAZA ACCESSORY OWNER,
LP, and PLAZA CLUB OWNER, LP
345 Seventh Avenue
New York, NY  10001
Tele:  212 564-9800
Bruce H. Lederman

-----------------------------------------------------------

In re:

TESTWELL, INC.,                          Chapter 11

                Debtor,             Case No. 09-22796 (RDD)

-----------------------------------------------------------

TESTWELL, INC.,

                Plaintiff,           Adversary Pro. 10-08236 (RDD)

       Against

ELAD PROPERTIES, LLC, EL-AD 52 LLC,
CPS 1 REALTY LP, PLAZA RESIDENTIAL
OWNER LP, PLAZA ACCESSORY OWNER,
LP, and PLAZA CLUB OWNER, LP, TISHMAN
CONSTRUCTION CORPORATION, TISHMAN
CONSTRUCTION CORPOATION OF NEW
YORK, and VJB CONSTRUCTION
CORPORATION,

                Defendants.
-----------------------------------------------------------------

       Defendants, EL-AD PROPERTIES NY, LLC (Improperly named in the complaint ELAD PROPERTIES, LLC), EL-AD 52 LLC, CPS 1 REALTY LP, PLAZA RESIDENTIAL OWNER LP, PLAZA ACCESSORY OWNER,LP, and PLAZA CLUB OWNER, LP by their attorneys

D'Agostino, Levine, Landesman & Lederman, LLP, as and for their answer to the adversary complaint, state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1and 15.

2. Admit the allegations of paragraph 2 though 10, to the extent they state corporate/partnership existence, and affirmatively state that (a) Tishman Construction Corporation and/or Tishman Construction Corporation of New York, acted construction manager and disclosed agent for the El-Ad 52 LLC, the sponsor of the condominium project at 310 West 52 , New York, NY, and such entity should be the sole defendant against which relief is sought in the third, seventh, eleventh and fifteenth claims for relief, (b) Tishman Construction Corporation and/or Tishman Construction Corporation of New York, acted as construction manager and disclosed agent for 225 5th, LLC, the sponsor of the condominium project at 225 Fifth Avenue, New York, NY, and such entity should be the sole defendant with respect to the second, sixth, tenth and fourteenth claims for relief, (c) defendant VJB Construction Corporation , acted construction manager and disclosed agent for Ladies Mile, Inc., as the sponsor of the condominium project at 655 Sixth Avenue, New York, NY, and such entities consent to the jurisdiction of the Court with respect to the allegations asserted here and should be substituted as proper party defendant with respect to the fourth, eighth, twelfth and sixteenth claims for relief, and (d) defendants CPS 1 Realty LP, Plaza Residential Owner LP, Plaza Club Owner LP and Plaza Club Owner LP are respectively the sponsor and/or owner of the hotel, residential portion, retail portion and spa portion of the property known as the plaza hotel, located at 5th Avenue and 59th Street, New York, NY, and the allegations in the first, fifth ninth and thirteenth claims for  relief should be addressed solely to said entities and liability

allocated as between them as to work performed solely for the benefit of any particular unit.

3. Neither admit nor deny the allegations contained in paragraph 11 as same merely state adversary plaintiff's intentions in this adversary case.

4. Deny each and every allegation contained in paragraphs 12 and 13.

5. Deny each and every allegation contained in paragraphs 15 and 16, except admit that certain of the entities denominated in the adversary complaint as Elad Entities may have either directly, or through construction managers, or individuals acting as disclosed agents, retained adversary plaintiff to conduct construction and material testing services in connection with the real estate projects identified in the adversary complaint.

6. Deny each and every allegation contained in paragraphs 19 through 21, except admits that defendants CPS 1 Realty LP, Plaza Residential Owner LP, Plaza Club Owner LP and Plaza Club Owner LP, as to their respective interests in the property known as the Plaza Hotel, Fifth Avenue and 59th Street, New York, NY, either directly or through disclosed agents, retained Testwell to provide certain services at the Plaza Hotel, that various invoices were sent and various payments were made, but affirmatively states that adversary plaintiff did not deliver necessary TR-1 forms or otherwise complete is work.

7. Deny each and every allegation contained in paragraphs 22 through 24, except admit that 225 5th, LLC, either directly or through disclosed agents, retained Testwell to provide certain services at 225 Fifth Project, that various invoices were sent and various payments were made, but affirmatively states that adversary plaintiff did not deliver necessary TR-1 forms or otherwise complete its work.

8. Deny each and every allegation contained in paragraphs 25 through 27, except admit that El-Ad 52 LLC, either directly or through disclosed agents, retained Testwell to provide certain services at 310West 52nd Project, that various invoices were sent and various payments were made, but affirmatively states that adversary plaintiff did not deliver necessary TR-1 forms or otherwise complete its work .

9. Deny each and every allegation contained in paragraphs 28 through 30, except admits that Ladies Mile, Inc., either directly or through disclosed agents, retained Testwell to provide certain services at 225 Fifth Project, that various invoices were sent and various payments were made, but affirmatively states that adversary plaintiff did not deliver necessary TR-1 forms or otherwise complete its work .

10. Deny each and every allegation contained in paragraphs 31 through 118, and affirmatively states that plaintiff breached its agreement with the respective contracting parties by failing to deliver necessary sign offs and TR-1 forms, charged excessive amounts for services rendered, and/or issued excessive invoices which were duly protested.

## AFFIRMATIVE DEFENSES

11. To the extent that Defendants El-Ad Properties NY, LLC (improperly identified in the complaint as El-Ad Properties, LLC), Tishman Construction Corporation, Tishman Construction Corporation of New York, and/or VJB Construction of New York, acted in any way with regard to the allegations of the adversary complaint, such entities acted as disclosed agent and/or construction manager for the owners of the property where, and for whose benefit, plaintiff allegedly performed services. As such, the adversary

complaint as to such entities names improper parties and fails in certain instances to name necessary parties.

12. The adversary complaint improperly seeks relief on unrelated claims for relief against defendants which had no involvement, directly or indirectly, with the individual claims being asserted.

## COUNTERCLAIM

13. Plaintiff was retained by the various respective defendants, with regard to their respective projects to perform certain testing and deliver necessary TR-1 certification forms to allow the respective property owners to comply with their obligations under the Building Code of the City of New York so as to obtain signoffs necessary to obtain certificates of occupancy.

14. Upon information and belief, because of improper conduct and acts on the part of plaintiff, it has failed and/or refused and/or is incapable of submitting the necessary TR-1 forms, and any test results by plaintiff are subject to scrutiny by the Department of Buildings.

15. As a result thereof, each of the defendants is unable to presently obtain necessary sign offs, which may lead to the inability to obtain permanent certificates of occupancy.

16. By virtue thereof, plaintiff should be equitably stopped from recovering any sums from the defendants and/or defendants should be awarded damages against plaintiff and or an offset, in an amount to be established at trial, and as further allocated to the appropriate properties at trial, but believed to exceed, in the aggregate the amount sought in the complaint.

WHEREFORE, defendants demand judgment dismissing the complaint, awarding them a sum, to be allocated at trial, in a total amount to be established at trial as damages and/or an offset to amounts claimed by plaintiff, and, alternatively, if plaintiff recovers any amounts, allocating such amounts as to the proper party defendants, together with such other and further relief as to the Court may seem just and proper.

Dated: May 28, 2010

                          D'AGOSTINO, LEVINE, LANDESMAN
                              & LEDERMAN, LLP

                            /s Bruce H. Lederman /s
By:_____
Bruce H. Lederman
Attorneys for Defendants EL-AD PROPERTIES NY, LLC, (Improperly named in the complaint as ELAD PROPERTIES, LLC), EL-AD 52 LLC,
CPS 1 REALTY LP, PLAZA RESIDENTIAL OWNER LP, PLAZA ACCESSORY OWNER, LP, and PLAZA CLUB OWNER, LP
345 Seventh Avenue – 23rd Floor
New York, New York 10001
(212) 564-9800